[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
The proper interpretation of the guaranty by defendant Robert E. Beaver to the plaintiff bank cannot be achieved in this summary judgment motion.
A basic ambiguity is whether the defendant agreed to guarantee only the first fifty percent of the liabilities arising under the note or whether his obligation under the guaranty could not exceed fifty percent of the liabilities.
In paragraph 3, the guaranty provides upon default plaintiff can enforce the guarantee immediately "without resorting to and without regard to any collateral for the Liabilities."
In paragraph 7, the guaranty provides: "Notwithstanding anything contained herein to the contrary, the liability of the undersigned under this guaranty shall be limited to fifty percent (50%) of the Liabilities." CT Page 7760
Paragraph 4 provides that the guaranty shall remain in full force and effect "until payment in full of the Liabilities is received by the Bank."
Did the parties intend that: (1) Plaintiff could collect from defendant one-half of the amount due under the note even if the value of the collateral exceeded the amount due. This seems harsh. (2) Plaintiff could recover against defendant only if the value of the collateral was less than one-half the amount due. This seems unrealistic on the part of the bank.
While it is true a court must interpret a contract primarily on-the basis of the words used, it cannot shut out common sense and must search for the real intent of the parties from the true nature of the transaction.
Since intent is always a question of fact, the better part of wisdom is for the court to deny this motion and allow the parties to fully present all the facts at the trial.
The motion for summary judgment is denied.
Robert Satter, State Trial Referee CT Page 7761